UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARK EDWARD HENTON,

                Petitioner,                    Case Number: 24-13291
                                                  Honorable Linda V. Parker

v.

DONALD CURLEY,

                Respondent.

_____/

**OPINION AND ORDER
DENYING PETITION FOR WRIT OF HABEAS CORPUS,
DENYING A CERTIFICATE OF APPEALABILITY, AND
GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Mark Edward Henton has filed a *pro se* petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction of two

counts of third-degree criminal sexual conduct, Mich. Comp. Laws

§ 750.520d(1)(c).  Finding no basis for habeas corpus relief, the Court is denying

the petition.  The Court also denies a certificate of appealability.  The Court grants

Henton leave to proceed *in forma pauperis* on appeal.

## I.  Background

Henton was convicted by a jury in the Circuit Court for Oakland County,

Michigan.  He was sentenced to 51 months to 15 years' imprisonment on each

count, to be served concurrently.

Henton filed an appeal by right in the Michigan Court of Appeals.  The

Michigan Court of Appeals set forth the following relevant facts:

This case arises out of an incident of sexual assault committed by defendant against the victim.  On the date of the incident, the victim was staying at the home of her friend Jodi.  After drinking wine and watching television together, the victim fell asleep in bed.  Defendant, who had a sexual relationship with Jodi, came to Jodi's home and engaged in consensual sexual intercourse with her.  Afterwards, defendant told Jodi that he was going to "f*** with [her] girl," and entered the bedroom where the victim was asleep.  The victim awoke, with her pants off, to a man she did not know, penetrating her vagina with his penis.  She opened her eyes, and the man jumped off of her and left the room.

Defendant was interviewed by Detective Peter Canelopoulos, a detective with the West Bloomfield Police Department's Investigations Bureau.  Defendant told Canelopoulos that he entered the room while the victim was sleeping.  Defendant started rubbing the victim's breasts.  According to defendant, the victim grabbed his hand and moved it down toward her vagina. Defendant told Canelopoulos that the victim was "into it" and he could see the whites of her eyes. Defendant also told Canelopoulos that he inserted his finger into the victim's vagina.

Defendant was charged with two counts of CSC-III.  Count 1 alleged that defendant penetrated the victim's genital opening with his penis, while knowing or having reason to know that she was physically helpless.  Count 2 alleged that defendant penetrated the victim's genital opening with his finger, while knowing or having reason to know that she was physically helpless.

At trial, Canelopoulos recounted what defendant told him.  The victim and Jodi also testified regarding the night of the incident.  Katrina Ferris, a sexual assault nurse examiner who performed a forensic examination on the victim, explained that she observed two tears on the victim's genitals.  Two forensic biologists provided the results of testing that demonstrated a strong likelihood that DNA found on the victim's labia majora and pants originated from defendant.

> Defendant testified, admitting that he inserted his finger into the victim's vagina, and then inserted his penis into the victim's vagina. According to defendant, the victim did not appear to be sleeping or unconscious when he and the victim had sexual intercourse, and it was consensual.

*People v. Henton*, No. 364898, 2024 WL 1132083, at *1 (Mich. Ct. App. Mar. 14, 2024).  Pursuant to 28 U.S.C. § 2254(e)(1), these facts are presumed correct on habeas review.  *See Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009).

The Michigan Court of Appeals affirmed Henton's conviction and sentence. *Henton*, 2024 WL 1132083 at *3.  Henton sought and was denied leave to appeal in the Michigan Supreme Court.  *People v. Henton*, 514 Mich. 878 (2024).

Henton then filed the present habeas corpus petition.  He seeks relief on these grounds: (1) his conviction on count two (involving digital penetration) was based on inadmissible evidence, in violation of the corpus delicti rule and due process; and (2) his sentence is unreasonable and disproportionate because, if the conviction on count two were vacated—as Henton contends it should be—the applicable sentencing guidelines range for the remaining third-degree criminal sexual conduct conviction would be lower, entitling him to resentencing.

Respondent has filed an answer in opposition arguing that a portion of Henton's first claim is procedurally defaulted and that both claims are meritless. (ECF No. 9.)

3

## II. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")

imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court

on a question of law, or if the state court decides a case differently than the

Supreme Court has on a set of materially indistinguishable facts. *Williams v.*

*Taylor*, 529 U.S. 362, 405-406 (2000). An "unreasonable application" occurs

when "a state-court decision unreasonably applies the law of [the Supreme Court]

to the facts of a prisoner's case." *Id.* at 409.

AEDPA "imposes a highly deferential standard for evaluating state-court

rulings," and "demands that state-court decisions be given the benefit of the

4

doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal citations omitted).  A "state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).  A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

A state court's factual determinations are presumed correct on federal habeas review.  *See* 28 U.S.C. § 2254(e)(1).  This presumption is rebutted only with clear and convincing evidence. *Id.*  Moreover, for claims adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court."  *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III.  Discussion

### A.  Corpus Delicti and Due Process

Henton argues that his third-degree criminal sexual conduct conviction involving digital penetration (count two) was obtained in violation of Michigan's corpus delicti rule and was not supported by sufficient evidence.[1]

---

[1] Respondent argues that a portion of this claim is procedurally defaulted. Procedural default is not a jurisdictional bar to review the merits of a habeas petition. *See Trest v. Cain*, 522 U.S. 87, 89 (1997); *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) ("[F]ederal courts are not required to address a procedural default issue before deciding against the petitioner on the merits.") (citing *Lambrix*

Henton contends that Detective Canalopoulos's testimony regarding Henton's admission that he digitally penetrated the victim should not have been admitted because the corpus delicti of the offense was never established.[2] This claim is not cognizable on habeas review. A federal habeas court may not review a state court's application of state law. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."). Michigan's corpus delicti rule has no independent constitutional basis and is not constitutionally mandated. *See Boyle v. Burgess*, No. 14-2256, 2015 WL 13932700, at *4 (6th Cir. Oct. 27, 2015) (Michigan's corpus delicti rule does not provide a basis for federal habeas relief); *Williams v. LeCureaux*, No. 92-2476, 1993 WL 445090, *1 (6th Cir. Nov.2, 1993) (same). Accordingly, any alleged error in the application of Michigan's corpus delicti rule does not provide a basis for federal habeas relief.

Henton's separate assertion that the evidence was constitutionally insufficient to support his conviction also fails. "[T]he Due Process Clause

---

*v. Singletary*, 520 U.S. 518, 525 (1997)). In the interest of efficiency and completeness, this Court will proceed directly to analyze the merits of this claim. *See Smith v. Nagy*, 962 F.3d 192, 207 (6th Cir. 2020) (noting courts may "reach the merits of a petitioner's claim" before analyzing procedural default, especially when the "procedural issues are complicated" but the "merits are easily resolvable").

[2] Michigan's corpus delicti rule requires the prosecution to establish the substance of the crime charged independent of the defendant's own extrajudicial statements. *See People v. Williams*, 422 Mich. 381, 388 (1985).

protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970).  On habeas review, the sufficiency of the evidence inquiry involves "two layers of deference": one to the jury verdict, and a second to the Michigan Court of Appeals' decision. *Tanner v. Yukins*, 867 F.3d 661, 672 (6th Cir. 2017).

First, the Court "must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)) (emphasis in *Jackson*).  Second, even if the Court were to conclude that no rational juror could have found guilt beyond a reasonable doubt, habeas relief would still be unavailable unless the state court's contrary conclusion was unreasonable. *Id.*  This is a high standard of proof, and Henton fails to meet it.

As charged in count two, the elements of third-degree criminal sexual conduct require proof that Henton engaged in sexual penetration with the victim, while he knew or had reason to know she was "mentally incapable, mentally incapacitated, or physically helpless." Mich. Comp. Laws § 750.520d(1)(c).  The Michigan Court of Appeals held that sufficient evidence was presented for a jury to

find Henton guilty beyond a reasonable doubt.  The state court relied on the victim's testimony that she was sexually assaulted while sleeping, Henton's admission that he digitally penetrated the victim, and the results of the forensic examination.  *Henton*, 2024 WL 1132083 at *3.

Henton challenges the jury's evaluation of the trial testimony.  However, it is the job of the factfinder at trial, not a federal habeas court, to determine the credibility of witnesses and to resolve evidentiary conflicts.  *See Jackson*, 443 U.S. at 326; *McKenzie v. Smith*, 326 F.3d 721, 727 (6th Cir. 2003) ("It is the province of the fact-finder, not [a federal habeas] court, to weigh the probative value of the evidence and resolve any conflicts in the testimony.").  Given the evidence presented at trial, this Court cannot conclude that the Michigan Court of Appeals' decision was unreasonable.  Habeas relief is not warranted on this claim.

### B.  Sentencing Claim

Henton argues that his sentence is unreasonable and disproportionate.  This claim is meritless.

Henton challenges his sentence for count one on the ground that the sentencing guidelines calculation improperly considered his conviction on count two, which he contends was obtained in violation of Michigan's corpus delicti rule and was not supported by sufficient evidence.  He argues that the recommended guidelines range for count one would have been substantially lower had count two

not been factored into the calculation.  This argument fails because Henton has not established that his conviction on count two was unconstitutional.  Accordingly, he has not shown that the sentencing court improperly considered that conviction when calculating the guidelines range.

Additionally, Henton's broader proportionality argument fails.  The Supreme Court has held that "the Eighth Amendment does not require strict proportionality between crime and sentence.  Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." *Harmelin v. Michigan*, 501 U.S. 957, 1001 (1991) (quoting *Solem v. Helm*, 463 U.S. 277, 288 (1983)). Courts reviewing Eighth Amendment proportionality challenges must be highly deferential to legislative determinations concerning the appropriate punishments for criminal conduct.  *United States v. Layne*, 324 F.3d 464, 473-74 (6th Cir. 2003) (citing *Harmelin*, 501 U.S. at 999).  Consistent with this "'narrow proportionality principle,' the Sixth Circuit has recognized that 'only an extreme disparity between crime and sentence offends the Eighth Amendment.'"  *Cowherd v. Million*, 260 F. App'x 781, 785 (6th Cir. 2008) (quoting *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000)).  If the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining "the type and extent of punishment for convicted defendants."  *Williams v. New York*, 337 U.S. 241, 245 (1949).

The statutory maximum for third-degree criminal sexual conduct under Michigan law is fifteen years' imprisonment.  Mich. Comp. Laws § 750.520d(2). Henton's sentence did not exceed the statutory maximum, and he has not shown that it was grossly disproportionate to the offense.  Accordingly, he is not entitled to habeas relief on this claim.

## IV.  Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation omitted).

Here, reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. Therefore, the Court will deny a certificate of appealability.

## V.  Order

For the reasons stated, the Court DENIES the petition for a writ of habeas corpus and DENIES a certificate of appealability.

10

The Court GRANTS Petitioner leave to proceed in forma pauperis on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

s/LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

Dated: July 6, 2026

11